# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALBERTA ROSE JOSEPHINE JONES, individually and as Parent and Legal Guardian For her Challenged Son, Ryan Garrett Jones, <br><br> Plaintiffs, <br><br> v. <br><br> PROPSTONE LLC, et al., <br><br> Defendants. | Case No. CIV-17-614-R |

## ORDER

Plaintiff Alberta Rose Josephine Jones, appearing *pro se*, filed this action individually and as legal guardian for her son, Ryan Garrett Jones. On June 9, 2017, the Court entered an Order (Doc. No. 6) requiring that counsel enter an appearance on behalf of Ryan Garrett Jones, because Alberta Rose Josephine Jones could not pursue claims on his behalf *pro se*. The record reflects that no attorney has entered an appearance on behalf of Ryan Garrett Jones. Accordingly, the claims of Ryan Garrett Jones are hereby DISMISSED WITHOUT PREJUDICE.

The Court has also reviewed the Complaint as it relates to Plaintiff Alberta Rose Josephine Jones, the Court finds that it should be dismissed. In the Tenth Circuit:

> *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir.2001). A *sua sponte* dismissal under Rule 12(b)(6) is not reversible error when: (1) it is "patently obvious that the plaintiff could not prevail on the facts alleged"; and (2) "allowing [the plaintiff] an opportunity to amend his complaint would

be futile." *McKinney v. State of Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 n. 1 (10th Cir.1991).

*Phillips v. Public Serv. Co. of New Mexico*, 2003 WL 191461 (10th Cir. Jan. 29, 2003). Excluding the allegations regarding Ryan Garrett Jones from consideration reveals the Complaint is devoid of a factual basis for Plaintiff's ADA claim, and furthermore, most of her claims are alleged in a conclusory manner, or fail to reference the Defendants identified in the caption of the action.

Plaintiff named twenty-three parties in the caption of the Complaint, as well as Does 1 through 10. The Defendants include Propstone LLC, which she alleges operates a facility known as Oakwood Springs Hospital, the Governor, the Oklahoma Attorney General, the District Attorney, various officials in Lincoln County, Oklahoma County and Oklahoma City, and the Department of Justice. Under the "Parties" section of the Complaint Plaintiff identifies Propstone LLC by name and alleges that "[a]ll other relevant named listed defendants are "co-conspirators" who either reside and/or do or have done business within the Western District of Oklahoma. Doc. No. 1, ¶ 4. Plaintiff thereafter alleges a variety of acts, including that she was left alone with two men, officers of Oakwood Springs Hospital and harassed by them with regard to her son, who she alleges had been accepted as a patient at the facility. She contends there are "numerous other allegations" to be addressed in this case, including the theft of her cattle, illegal use of firearms against her by Defendants Starling, Dawson, and unknown persons, and that state officials refused to prosecute these persons. She also attempts to allege a conspiracy against her because she has opposed Oklahoma's liberal use of firearms.

Plaintiff asserts this action arises under federal law, citing the Court's federal question jurisdiction under 28 U.S.C. § 1331. She also identifies 28 U.S.C. § 1983, 1984, 1988, and the Americans with Disabilities Act, as grounds for this Court's jurisdiction. Doc. No. 1, ¶ 5. She alleges, without elaboration, that she is a qualified individual with a disability. *Id.* ¶ 6.

Under Count 1, which indicates it is a claim for disability discrimination under the Americans with Disabilities Act, Plaintiff does not identify that she was subjected to discrimination by any Defendant. Rather, she asserts that her son, whose claims are now dismissed, was subjected to discrimination by Defendant Propstone, which operates Oakwood Springs Hosptial.[1] Accordingly, Count 1 of the Complaint as it pertains to Alberta Rose Josephine Jones is subject to dismissal as frivolous.[2]

In Count II Plaintiff makes conclusory allegations of disability discrimination and retaliation asserting that "Defendant Propstone and all state, local and federal players' actions were unlawful, intentional, willful, and done in reckless disregard for Plaintiffs' rights as protected by the American with Disabilities Act and the United States Constitution." Doc. No. 1, ¶ 33. Nothing in the factual portion of Plaintiff's Complaint

---

[1] Plaintiff does not identify which title of the Americans with Disabilities Act supports her claim for relief. Title I addresses employment related discrimination, which is clearly not the basis for her claims. Title II addresses disability discrimination by public entities, specifically state and local governments, and Title III addresses public accommodations, commercial facilities and private entities that offer certain examinations and courses related toe educational and occupational certification.. As noted, beyond alleging she was a qualified individual with a disability, Plaintiff Josephine Jones makes no other substantive allegations of disability discrimination.

[2] The Court concludes amendment would be futile in part because Plaintiff's claim in Count 1 is premised on Defendant Propstone's alleged failure to provide Ryan with a licensed professional caretaker at all times on May 8, 2017.

supports her contention that Defendant Propstone or any of the other named Defendants violated her rights under the ADA.

Plaintiff alleges in Count 3:

> Defendants have a consistent pattern of retaliation against said Plaintiffs ARJ Jones and RG Jones.
>
> ***
>
> A conspiracy to harass exists under 42 U.S.C. § 1983, 1984, 1988 for an "extended" period of time. The conspiracy exists because Plaintiff ARJ Jones has publicly displayed her "dislike" of firearms after being assaulted with a firearm in her own home which caused her much distress. In addition, the State of Oklahoma openly approved the use of 'firearms' against herself and her disabled son, Ryan Garrett Jones.

Doc. No. 1, ¶¶ 35-36. To plead a conspiracy a plaintiff must specifically plead facts tending to show agreement and concerted action. *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005). Plaintiff's Complaint falls short, containing merely conclusions and insufficient allegations. Furthermore, to the extent Plaintiff's Complaint could be construed as stating any claim under state law, the Court lacks jurisdiction over this action, because she has failed to sufficiently allege a federal claim.

The Court further finds that Plaintiff's claims could not be salvaged by amendment. Although the Court construes a *pro se* plaintiff's pleadings liberally, it "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir.1989). Here Plaintiff simply presents a myriad of events she perceives as unfair allegedly tied together by her disability and/or her opposition to the use of firearms.[3] Even assuming her allegations true,

---

[3] Plaintiff attached to the Complaint a Petition for Protective Order filed in the District Court of Lincoln County in 2012 against Defendant Tony Starling, raising the issue of whether Plaintiff could timely pursue any claims against him stemming from this incident.

however, there are simply insufficient facts to support any type of discernible claim against the identified defendants.

For the reasons set forth herein, the claims of Plaintiff Ryan Garrett Jones are DISMISSED WITHOUT PREJUDICE because Alberta Rose Josephine Jones cannot proceed on his behalf without counsel. Furthermore, the Court hereby DISMISSES Plaintiff Alberta Rose Josephine Jones' claims *sua sponte* because they fail to state a claim and amendment would be futile.

**IT IS SO ORDERED** this 11th day of July 2017.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE